SUNNYHILL GARDENS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56473. Filed October 9, 1958.

*William Walzer, Esq.*, for the petitioner.
*Martin D. Cohen, Esq.*, for the respondent.

RAUM, *Judge:* The Commissioner determined a deficiency in income tax in the amount of $31,837.37 for the year 1951. Petitioner is a corporation on an accrual basis that was organized in April 1950 to construct and own certain apartment buildings with the assistance of a mortgage loan to be guaranteed by the Federal Housing Administration. An F. H. A. "commitment" had already been obtained with respect to a loan in the amount of $3,692,600 bearing interest at the rate of 4 per cent per annum. At that time F. H. A. insured mortgage notes were regarded as an attractive form of investment and lending institutions were willing to pay an amount in excess of the face amount of the mortgage notes in order to invest their money in such notes. Thus, the lending bank in this case made a payment of $138,472.50 (3¾ per cent of the total amount of the loan) to petitioner on October 24, 1951, in accordance with a prior agreement requiring such payment. The principal question for decision is whether that payment is to be included in full in petitioner's gross income for the year 1951, or whether an aliquot portion thereof should be reported each year over the life of the loan. The Commissioner ruled that the entire amount constituted income in the year of actual receipt, and determined a deficiency accordingly. The parties have filed a comprehensive stipulation of facts which we adopt as our findings. Although some additional testimony has also been presented, we think that no additional findings are required.

The issue is substantially identical with the one recently decided in *Bayshore Gardens, Inc.*, 30 T. C. 1292 (1958), and we reach the same result herein. We hold that the controverted payment, whether described as a "premium" or "origination fee" or "fee for placement" or in any other manner, was income in 1951, the year of actual receipt, and that petitioner may not defer reporting the bulk of it until later years by a process of amortization. Although such exceptional treatment has been permitted by regulations in the case of bond premiums, those regulations do not cover this case, which must therefore be governed by the general rule rather than by the exception.

The amended petition raises an alternative issue, namely, that petitioner is entitled to offset, in reduction of the amount of premium received from the bank, the total of all expenses incurred by petitioner in procuring the mortgage loan, expenses which had theretofore been capitalized. Such expenses were alleged to be in the aggregate amount of $87,233.10. The stipulation of the parties states in this connection that:

Petitioner during the years 1950 and 1951 incurred the following expenses in connection with the issuance of the mortgage note and mortgage previously described, as follows:

| | |
|---|---|
| FHA mortgage insurance for 1 year | $18, 463. 00 |
| FHA inspection fee | 18, 463. 00 |
| Fees and charges of Guaranteed Title & Mortgage Co. representing mortgage title insurance, mortgage tax, recording fees and other mortgage exenses | 25, 807. 10 |
| To Mittleman & Spies, Inc., brokerage fee for services rendered in connection with the processing of the application for FHA insurance and procuring of first mortgage loan | 24, 500. 00 |
| Total mortgage expenses | 87, 233. 10 |

The aforesaid mortgage expenses were capitalized on the books and records of the petitioner.

Petitioner's briefs do not appear to present this issue, although it is argued that the "premium" income should be amortized since the foregoing expenditures were amortized and the premium should receive similar treatment. Since the briefs do not take the position that the expenses should be deducted in full in 1951, it may well be that this issue should be deemed to have been abandoned. In any event, it cannot be decided in petitioner's favor.

In the first place the stipulation sets forth that the expenses were incurred "during the years 1950 and 1951." If each of these expenses is deductible in full at one time, rather than over the life of the mortgage, the record fails to make clear which were accrued in 1950 and which in 1951. Certainly, an expense which accrued in 1950 cannot be deducted in 1951. And the burden of proof in this respect was upon the petitioner. Moreover, at least the last three expenditures in question are in the nature of capital outlays and are properly returnable to petitioner on a pro rata basis over the life of the mortgage. This very situation was present in the *Bayshore* case, and the result was agreed to by the parties. The Court there found:

The parties are agreed that the mortgage expenses incurred by petitioner incident to the issuance of its mortgage note are capital expenditures deductible on a pro rata basis over the term of the mortgage.

What the parties there arrived at independently is required here.

*Decision will be entered under Rule 50.*